NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 20-72

MIKIE C. LAUNEY

VERSUS

SPENCER D. LAUNEY

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2019-6862-A
HONORABLE KERRY LYNDON SPRUILL, DISTRICT JUDGE

**********

SHANNON J. GREMILLION

JUDGE

**********

Court composed of Shannon J. Gremillion, D. Kent Savoie and Jonathan W. Perry, Judges.

MOTION AND ORDER FOR STAY OF PROCEEDINGS AND REMAND DENIED.

**Rodney Marchive Rabalais**
**Attorney at Law**
**Post Office Box 447**
**Marksville, LA 71351**
**(318) 253-4622**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Mikie C. Launey**

**Jacob B. Fusilier**
**Fusilier & Associates**
**Post Office Box 528**
**Ville Platte, LA 70586**
**(337) 363-6661**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Spencer D. Launey**

**GREMILLION, Judge.**

Defendant-Appellant, Spencer D. Launey, filed a motion in this court to stay the instant appeal and remand the matter to the district court for the correction of an error in the transcript of the hearing at issue. For the reasons given herein, we deny the motion.

This case arises from a petition for protection from abuse filed by Plaintiff-Appellee, Mikie C. Launey, and an Order of Protection was signed by the trial court on July 11, 2019. Appellant sought the instant devolutive appeal of this ruling, the record was lodged in this court, and briefing delays were issued.

On February 20, 2020, Appellant filed a Motion and Order to Stay Appeal and Remand to the District Court for Correction of Error in the Transcript/Record. Appellant states that the transcript in this matter was received by Appellant wherein he discovered "a perceived critical error" where the trial court found that the witness was "not of low credibility" instead of finding that the witness was "of low credibility" as contained in Appellant's notes from the hearing. The witness to whom the trial court was referring is the Appellee whose credibility, Appellant contends, is a key factor in whether the trial court properly granted the imposition of the protective order at the center of the case. Appellant urges that it is of critical importance that the trial transcript be accurate for this court to properly evaluate the merits of the issues raised on appeal. Appellant concludes by moving this court to stay the appeal until the trial transcript can be evaluated and corrected. Further, Appellant requests that the entire proceeding be remanded to the trial court for the limited purpose of inspecting the trial recordings and correcting same in a manner as prescribed by law.

In opposition, Appellee objects to the request for the remand and stay, arguing that the alleged error, if made, is harmless. Appellee asserts that the incident at issue was videotaped by Appellant, and the trial judge clearly granted the protective order

based on the video. Appellee directs this court to the pertinent parts of the trial court's ruling which reads as follows:

> I do not view Mrs. Launey's testimony here today with low credibility. But I cannot deny the facts of this case and what happened at that house… I do believe that this record when I look at the film . . . that there is evidence in that record that shows simple battery. . .

Though Appellee does not concede that there is an error in the transcript, she maintains that rewriting the oral ruling with the proposed correction is not a critical error that would change this court's review of the trial court's factual findings.

Next, Appellee argues that as part of the protective order, Appellant was ordered to attend parenting classes, undergo a mental health evaluation, and pay Appellee's attorney fees. According to Appellee, Appellant has not complied and that a motion for contempt of court is pending in the trial court. Further, Appellee states that a custody proceeding is pending in Evangeline Parish, and the outcome of the instant appeal may have an impact on the trial court's ultimate decision therein. Considering these pending matters, Appellee urges that the instant appeal should not be stayed. If the case is remanded, Appellee suggests that this court order the trial court to review the record and rule on the remanded issue within a reasonable time and set new briefing deadlines consistent with the deadline imposed on the trial court.

In reading the full transcript of the trial court's reasons for ruling, we find that a stay of the instant appeal is not necessary for Appellant to address and correct any perceived error. The record clearly reflects the trial court's findings as the court goes into great detail in expressing its reasons for ruling. The trial court stated:

> It breaks my heart because the two of you don't realize the blessing that you have in children. . . . I seriously question whether the two of you truly understand what it is to be a nurturing and loving parent by the actions that I've seen both of you that you've exhibited in the presence of your children through the testimony I've seen today and the actions that you exhibited today even in the filing of these proceedings. And in your past conduct.
>
> I can only deal with as judge here today with a limited matter that's before the court, this Title 46 injunction. And all day long we've talked about one day, June 13th, 2019[,] and what happened at Mrs. Launay's

home in Bunkie, LA. I do not view Mrs. Launay's testimony here today with low credibility. But I cannot deny the facts of the case and what happened at that house in Bunkie, Louisiana here in Avoyelles [P]arish. . . . I do believe he was cheated [out of his time] and I do believe that the mother set the incident up and triggered everything to happen. . . . I do think that a number of illegal actions occurred that day both parties, as I indicated to you earlier. . . . I cannot correct or do anything about any violations by Mrs. Launey today because there's no filing to do that before this court.

The trial court left little doubt as to its credibility determination of Appellee.

Accordingly, we deny Appellant's motion.

**MOTION AND ORDER FOR STAY OF PROCEEDINGS AND REMAND DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.